UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Kenneth Jackson, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 2:08-cr-2 |
| United States of America, | ) |
|       Respondent. | ) |

## **OPINION AND ORDER**

Kenneth Jackson, proceeding with counsel, has filed a motion for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. Jackson was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and is serving a mandatory minimum 15-year sentence. His pending Section 2255 motion seeks relief on the basis of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which declared the ACCA's residual clause unconstitutionally vague.

On January 19, 2017, Magistrate Judge John M. Conroy issued a Report and Recommendation ("R & R") recommending that Jackson's motion be granted. The government objects to the R&R, and both parties have submitted additional briefing. As set forth below, the Court adopts the Magistrate Judge's R & R with modifications.

## **Factual Background**

The relevant facts are set forth in the Magistrate Judge's thorough R & R, and the Court assumes the parties' familiarity with those facts. Briefly stated, Jackson was convicted of being

a felon in possession of a firearm, and was sentenced in 2009 to a 15-year term of imprisonment under the ACCA on the basis of three prior convictions: a 1971 conviction in Michigan for attempted armed robbery, a 1991 conviction in Massachusetts for armed robbery, and a 1999 conviction in Vermont for conspiracy to distribute cocaine. There was no discussion during the change of plea colloquy or the sentencing proceedings about whether, or in what way, those prior felonies constituted violent felonies under the ACCA. Jackson did not pursue a direct appeal.

On June 25, 2016, Jackson moved pursuant to 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson*, arguing that his armed robbery and attempted armed robbery convictions no longer qualify as predicate offenses under the ACCA. The government opposed the motion, initially arguing procedural default and lack of timely filing. The government also argued that Jackson's binding plea agreement forecloses a simple remand for re-sentencing.

The Magistrate Judge concluded that although Jackson cannot show either cause and prejudice or actual innocence to excuse the failure to raise his arguments on direct appeal, relief is warranted because his sentence, post-*Johnson*, exceeds the statutory maximum. The Magistrate Judge further found that because Jackson's motion relies upon the 2015 *Johnson* decision, it was timely filed. Finally, the Magistrate Judge analyzed

Jackson's prior offenses and concluded that his Massachusetts armed robbery and Michigan attempted armed robbery convictions no longer qualify as predicate offenses under the ACCA.

In response to the R & R, the government resubmits its arguments with respect to procedural default and timeliness. The government also contends that the Massachusetts and Michigan convictions remain predicate offenses under the ACCA. Jackson asks the Court to adopt the R&R, though modified to find that there is cause and prejudice for Jackson's failure to file a direct appeal.

## Discussion

A district judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b).

### I. Cause and Prejudice

A Section 2255 motion may not be used as a substitute for direct appeal. *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (per curiam) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). Accordingly, where a federal prisoner attempts to use a Section 2255 motion to assert a claim that could have been raised on direct appeal, the claim will be procedurally barred

3

unless the prisoner shows (1) cause for failing to raise the claim on direct appeal and prejudice therefrom, or (2) actual innocence. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Jackson did not file a direct appeal, and is therefore raising his *Johnson* argument for the first time in this collateral proceeding. The government argues that he cannot establish cause for his procedural default because his argument is not novel and was not unavailable at the time of his appeal. The Court disagrees.

A constitutional claim is sufficiently novel to overcome procedural default if the "legal basis for the claim was not reasonably available to counsel" in time for direct appeal. *Reed v. Ross*, 468 U.S. 1, 16 (1984). As the Supreme Court explained in *Reed*, a claim is not reasonably available to counsel where "a decision of this Court . . . explicitly overrules one of our precedents" in order to arrive at the new constitutional rule on which the claim relies. *Id*. at 17.

Johnson explicitly overruled two Supreme Court cases holding that the residual clause of the ACCA was constitutional. *See James v. United States*, 550 U.S. 192 (2007); *Sykes v. United States*, 564 U.S. 1 (2011). In *James*, the majority rejected the notion that the ACCA was unconstitutionally vague, stating:

4

"[t]he statutory requirement that an unenumerated crime 'otherwise involv[e] conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits." 550 U.S. at 210 n.6. In *Sykes*, the majority declined to follow Justice Scalia's suggestion that the Court "admit that ACCA's residual provision is a drafting failure and declare it void for vagueness." 564 U.S. at 28 (Scalia, J., dissenting).

The D.C. Circuit has noted that "no one . . . could reasonably have anticipated *Johnson*" given that the Supreme Court had affirmed the constitutionality of ACCA's residual clause twice before. *United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016). Consequently, until the Supreme Court announced its new rule in *Johnson*, Jackson did not have a reasonable basis upon which to challenge the constitutionality of the ACCA's residual clause. The Court therefore finds that Jackson has shown cause for his failure to challenge the residual clause of the ACCA on direct appeal. *See, e.g.*, *United States v. Booker*, 513 F. Supp. 3d 164 (D.D.C. 2017); *United States v. Bryant*, 237 F. Supp. 3d 379, 385-87 (W.D. Va. 2017); *United States v. Cruz*, 234 F. Supp. 3d 328, 329 (D. Mass. 2017); *United States v. Howard*, 2017 WL 634674, at *3 (S.D. Cal. Feb. 16, 2017); *Lee v. United States*, 2017 WL 387391, at *3 (W.D. Wash. Jan. 27, 2017).

Jackson has also demonstrated prejudice. To establish prejudice, he must demonstrate that "there is a reasonable probability that, but for the errors, the result of the proceeding would have been different." *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (internal quotation marks and alteration omitted). Jackson was sentenced to 15-years imprisonment under the ACCA. His counsel submits that without the ACCA enhancement, his statutory maximum would have been 10 years, with an even lower Guideline range. This discrepancy between the ACCA sentence and the non-ACCA sentence establishes prejudice. *See Cruz*, 234 F. Supp. at 329 ("The possibility of a sentence reduction if Defendant is no longer ACCA-eligible establishes prejudice."); *United States v. Brown*, 2017 WL 1383640, at *4 (D.D.C. Apr. 12, 2017).

## II. Timeliness

The Magistrate Judge properly concluded that Jackson's arguments under *Johnson* are timely. The government contends that Jackson cannot rely on *Johnson* because he cannot show that, at sentencing, the Court relied on the ACCA's residual clause. Courts have determined that a petitioner may invoke *Johnson* without making an affirmative showing that the sentencing court relied upon the residual clause. *See United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) ("We will not penalize a movant for a court's discretionary choice not to specify under which

6

clause of Section 924(e)(2)(B) an offense qualified as a violent felony."); *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016) ("Nothing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence."); *Shabazz v. United States*, 2017 WL 27394, at *5 (D. Conn. Jan. 3, 2017) ("[S]ilence in the record should be read in favor of the petitioner because the Residual Clause, written to be a capacious catch-all, was the most direct and efficient route to establishing an ACCA predicate at the time."). The Court therefore requires no such showing, and adopts the Magistrate Judge's conclusion that Jackson's motion is timely.

## III. The Merits

In its objection to the R & R, the government maintains that Jackson's armed robbery conviction in Massachusetts and his attempted armed robbery conviction in Michigan each constitute a crime of violence under the ACCA. With respect to the Massachusetts conviction, the government criticizes the R & R for its reliance on a Ninth Circuit case, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). After the government submitted its objection, however, the First Circuit, with Justice Souter sitting by designation, confirmed that a Massachusetts armed robbery offense does not qualify as a violent felony under the ACCA. *United States v. Starks*, 861 F.3d 306, 324 (1st Cir. 2017); *see also United States v. Lassend*, 2017 WL 2960518, at *15

(D. Mass. July 11, 2017) (discussing the holding in *Starks* that "the mere presence of a dangerous weapon [during an armed robbery]—without any use, display, or other means of making the victim aware of its presence—does not elevate non-violent force (such as purse-snatching) into violent force"). This Court will follow the First Circuit's determination that armed robbery under Massachusetts law does not qualify as a predicate offense under the ACCA.

The government also objects to the Magistrate Judge's analysis of Jackson's Michigan conviction. A recent decision from the United States District Court for the Eastern District of Michigan, relying in part upon the analytical framework set forth in *Parnell*, concluded that the Michigan armed robbery statute fails to qualify as a predicate offense under the ACCA. *See United States v. Willis*, 2017 WL 3457159, at *2 (E.D. Mich. Aug. 11, 2017). *Willis* first noted that

> [u]nder Michigan law, the elements of armed robbery when defendant was convicted were as follows: "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 215 Mich. App. 658, 671 (1996). The "assault" element of the robbery statute included battery, defined as an "intentional, unconsented, and harmful or offensive touching." *People v. Starks*, 473 Mich. 227, 235 (2005).

*Id.* at *2. The court then observed that the Michigan statute requires only possession, and not necessarily use of a weapon, and that mere possession is insufficient under the ACCA. *Id.* In

8

support of its holding, the court cited *Parnell*'s conclusion that "[t]he mere possession of a weapon . . . does not bring [an] armed robbery statute within ACCA's force clause." *Id.* at *3-*4 (quoting *Parnell*, 818 F.3d at 980-81)).

This Court therefore finds that recent case law reinforces the Magistrate Judge's conclusions as to the substantive merits of Jackson's claims, and adopts the R & R.

**IV. The Plea Agreement**

The government argued to the Magistrate Judge that in the event the Court grants Jackson's motion, the plea agreement between the parties should be revisited. Jackson agrees that if his motion is granted, "the Court could no longer accept the parties' plea agreement and the government would likely have the right to withdraw from the agreement. At that juncture, it may make sense for the parties to negotiate a new plea agreement." ECF No. 69 at 12. Accordingly, the Court will set a new sentencing date, and the parties may engage in negotiations prior to that date with respect to a new plea agreement. If a new agreement is reached, the parties shall promptly notify the Court of that fact.

## Conclusion

For the reasons set forth above, the Magistrate Judge's R & R is adopted as modified herein. Resentencing is scheduled for Monday, November 20, 2017 at 10:30 a.m. Execution of this

9

Opinion and Order is stayed until resentencing, and the parties may submit any additional filings related to this matter on or before October 16, 2017.

DATED at Burlington, in the District of Vermont, this 12th day of September, 2017.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge